962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Romeo SANTOS, Defendant-Appellant.
 No. 91-10287.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 7, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Romeo Santos appeals his conspiracy conviction on the grounds that there was insufficient evidence that he participated in a conspiracy to distribute crystal methamphetamine. We affirm.
 
 
 3
 The elements of criminal conspiracy are "(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." United States v. Meyers, 847 F.2d 1408, 1412-13 (9th Cir.1988). "An implicit agreement may be inferred from the facts and circumstances of the case." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.) (quoting United States v. Monroe, 552 F.2d 860, 862 (9th Cir.), cert. denied, 431 U.S. 972 (1977)), cert. denied, 493 U.S. 863 (1989).
 
 
 4
 In this case, the government introduced sufficient evidence to prove the elements of conspiracy against Santos. Santos told his girlfriend, Georgia Miller, to telephone Jerry Malinab and purchase some "ice" from him. Miller acted as an intermediary between Santos and Malinab, negotiating the quantity and price of methamphetamine to be sold. Miller subsequently invited the undercover officer who was seeking to purchase the methamphetamine to Santos's house to complete the transaction. At the house, a woman named Dawn gave the undercover officer a packet in exchange for $7,000 of serialized currency. Santos announced his displeasure with the course of proceedings and grabbed the methamphetamine from Dawn. Santos then accepted $7,000 from the undercover officer, counted the money on the bedroom floor, and promptly left the room. Later, $4,000 of the marked currency was found on Malinab. One may infer from this activity an implicit agreement and a joint intention among Miller, Santos, Malinab, and Dawn to distribute crystal methamphetamine along with a number of overt acts in furtherance of the conspiracy.
 
 
 5
 Santos's argument that one or more of these participants acted without knowledge of the illegality of their actions is without merit. Thus, Santos's reliance on United States v. Medina, 940 F.2d 1247 (9th Cir.1991), is misplaced. In Medina, we reversed a conspiracy conviction because there was no evidence that the defendant knew drug distribution was the object of his attempts to collect money. Id. at 1250. Here, there is evidence that the participants knew that they were distributing crystal methamphetamine to the undercover officer.
 
 
 6
 Since there is sufficient evidence to support a conviction on conspiracy, Santos's argument regarding his conviction for use of a firearm in furtherance of a conspiracy is moot.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3